# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JAMES WAYNE HUTCHINS,

    Petitioner,

-vs-                                                  Case No. 8:08-CV-742-T-30EAJ

WALTER A. MCNEIL, SECRETARY,
FLORIDA DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.
_____/

## **O R D E R**

James Wayne Hutchins (hereinafter "Petitioner") brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 1988 conviction for attempted sexual battery (hereinafter "petition") (Dkt. 1). The Court has considered the petition, Respondent's response (Dkt. 10) which asserts, *inter alia*, that the petition is time barred, Petitioner's reply to the response/motion to dismiss (Dkt. 14), and Petitioner's "Amendment to Habeas" (Dkt. 17). Upon review, the Court determines that the petition must be dismissed because it is time barred and because it fails to present issues of federal constitutional magnitude for which habeas corpus relief may be granted.

**PROCEDURAL BACKGROUND**

Petitioner was charged with two counts of attempted sexual battery on a child under 12 years of age (Dkt. 12, Ex. 1 at pg. 2). He pled no contest to one count, and the State nolle

prossed the second count (Id.). On June 7, 1988, Petitioner was sentenced to ten years probation (Id. at pgs. 2-3). Petitioner did not appeal his conviction.

Petitioner violated probation, and he was arrested in May, 2003 (Id. at pg. 3). On October 23, 2003, Petitioner was found to have violated probation, and he was sentenced to 180 days in jail, followed by ten years probation (Id. at pg. 4).

On April 1, 2005, Petitioner admitted violating probation again, and he was sentenced to one year community control followed by seven years probation (Id. at pg. 6).

On February 15, 2006, Petitioner admitted violating probation again, and he was sentenced to one year community control followed by seven years probation (Id. at 9).

On June 29, 2006, Petitioner admitted violating probation again, and the court extended community control for one more year (Id. at 14).

On January 9, 2008, Petitioner once again admitted violating probation, and he was sentenced to a six month jail term, with the same condition remaining in the community control and probation sentences previously imposed (Id. at 16).

On August 15, 2005, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 ("3.850 motion") claiming newly discovered evidence of the victims' recantation (Dkt. 12, Ex. 2). On May 8, 2006, the state trial court dismissed the 3.850 motion as untimely (Dkt. 12, Ex. 8). Petitioner appealed. The Second District Court of Appeal affirmed the trial court's order without opinion on November 15, 2006 (Dkt. 12, Ex. 10); *Hutchins v. State*, 944 So. 2d 361 (Fla. 2d DCA 2006) [table]. The mandate issued on December 6, 2006 (Dkt. 12, Ex. 11).

Petitioner signed his federal habeas petition filed in this Court on April 15, 2008 (Dkt. 1 at pg. 9).

**TIMELINESS**

Petitioner's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA provides a one year period within which a Section 2254 federal habeas petition must be filed. 28 U.S.C. §2244(d)(1). Petitioner filed his petition more than one year after his judgment became final and it is therefore time barred.

Petitioner's judgment became final on July 7, 1988 (allowing thirty days to appeal after Petitioner was sentenced).[1] When a petitioner's conviction becomes final prior to the AEDPA's effective date of April 24, 1996, but the petition is filed after the statute's enactment, the petitioner is afforded a one-year grace period in which to file his federal claims. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998). Accordingly, petitioners like Hutchins, whose convictions became final prior to April 24, 1996, have until April 23, 1997, to file a petition for writ of habeas corpus absent properly filed collateral applications in the state court which toll the statutory period, unless the Petitioner has a pending collateral attack motion/petition pending on April 23, 1997, in which case, the AEDPA one-year period begins to run at the time that motion/petition is decided.

---

[1] The Court notes that Petitioner challenges his underlying conviction and not the probation revocation proceedings. *See Wright v. Florida*, 2008 U.S. Dist. LEXIS 37102 at *10 (M.D. Fla. May 6, 2008)(where claims in federal habeas petition were directed to original conviction and not to probation revocation, order revoking probation did not affect finality of Petitioner's original judgment and conviction).

Subsequent to enactment of the AEDPA, Petitioner filed his first collateral challenge, the 3.850 motion, on August 15, 2005. Petitioner's 3.850 motion, however, did not toll the running of the one-year limitations period because that one-year period expired on April 23, 1997. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)(a tolling motion under § 2244(d)(2) cannot toll the one-year limitations period if that period has expired prior to filing the motion). Furthermore, the state trial court dismissed Petitioner's 3.850 motion as untimely. Therefore, the 3.850 motion did not toll the AEDPA one-year limitations period. *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1315 (11th Cir. 2006) ("when a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not properly filed for the purposes of § 2244(d)(2), regardless of whether the state court also reached the merits of one of the claims"). Thus, the instant federal habeas petition, signed April 15, 2008, is untimely.

§ 2244(d)(1) states in pertinent part that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of– (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." To the extent Petitioner argues, based on the victim's alleged recantation, for a later commencement date for the one-year period pursuant to § 2244(d)(1)(D), his argument is without merit. In his motion for rehearing of the state trial court's initial dismissal of his 3.850 motion, Petitioner asserted that he learned of the victim's recantation on January 1, 2004 (Dkt. 12, Ex. 5 at pgs. 3-4). Accordingly, Petitioner would

have had, at the latest, until January 1, 2005 to file his federal habeas petition. Consequently, his April 15, 2008 federal habeas petition is untimely.

Petitioner does not demonstrate that he is entitled to equitable tolling of AEDPA's one-year limitations period. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'")(quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). Moreover, assuming, without deciding, that proof of actual innocence renders AEDPA's one year limitation inapplicable, Petitioner has not demonstrated a colorable claim of actual innocence.[2] There is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of Petitioner's claim. *See Murray v. Carrier*, 477 U.S. 478, 495-99 (1986).

**MERITS**

Even if Petitioner's petition were not time barred, his claims fail on the merits. In his first ground, Petitioner claims ineffective assistance of postconviction counsel. This claim has not merit. There is no constitutional right to counsel in postconviction proceedings, *see Coleman v. Thompson*, 501 U.S. 722, 752 (1991), and thus any alleged incompetence of postconviction counsel is not a ground for relief in federal habeas proceedings. 28 U.S.C.§

---

[2]In *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000), the Eleventh Circuit Court of Appeals declined to decide whether there is an actual innocence exception to the time limitation of § 2244(d). Instead, the court stated that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed …."

5

2254(I) states as follows: "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief arising under section 2254." *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1, 10 (1989).

In grounds two through ten, Petitioner alleges errors or misconduct during the state postconviction proceedings, and during the appeal of the denial of his 3.850 motion. These claims are not cognizable on federal habeas corpus review because Petitioner asserts no federal constitutional violation. See 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A federal court is not the appropriate forum to challenge the process afforded in state collateral proceedings because the challenge attacks a proceeding collateral to the prisoner's confinement and not the confinement itself. *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (a habeas claim that the state trial court violated a petitioner's due process rights because the court failed to conduct an evidentiary hearing and attach to its opinion pertinent portions of the record resolved only issues unrelated to the cause of petitioner's detention and stated no basis for habeas relief).

**CONCLUSION**

For the foregoing reasons, the Court determines that the petition is time barred. Furthermore, Petitioner's claims are not cognizable on federal habeas corpus review.

Accordingly, the Court **ORDERS** that:

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 13, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Petitioner
        Counsel of Record